IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-172-BO-6

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| RONALD PEGUES | ) | |

This cause comes before the Court on defendant's *ex parte* motions for issuance of Rule 17 subpoenas. [DE 825 & 826]. Defendant anticipates entering a plea of not guilty and trial in this matter is currently set for June 12, 2017, at Elizabeth City, North Carolina. Defendant is indigent and represents that he is unable to pay the costs of court.

Rule 17(b) of the Federal Rules of Criminal Procedure provides that a court must order a subpoena be issued where a defendant has demonstrated both an inability to pay witness fees and that the witness's presence is necessary for an adequate defense. Fed. R. Crim. P. 17(b); *see also United States v. Sellers*, 520 F.2d 1281, 1285–86 (4th Cir. 1975) ("a defendant must make a satisfactory showing that 'the presence of the witness is necessary to an adequate defense' in order to be entitled to compulsory process.").

Defendant has failed to make any showing regarding the substance of the testimony of any witnesses he seeks to subpoena, stating only that "each prospective witness has something different to offer and is not duplicative." The Court is therefore unable to determine whether any witness defendant seeks to subpoena would be necessary to his defense. *See United States v. Bennett*, 675 F.2d 596, 598 (4th Cir. 1982); *United States v. Gripper*, 122 Fed. App'x 15, 17 (4th Cir. 2005).

Because defendant has not satisfied the requirements of Rule 17(b), his motions for issuance of subpoenas are DENIED.

SO ORDERED, this __1__ day of June, 2017.

*[signature: Terrence Boyle]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE