IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-172-BO-6

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| RONALD PEGUES | ) | |

This cause comes before the Court on defendant's motion to dismiss the superseding indictment under the Speedy Trial Act and the Sixth Amendment, motion for bill of particulars, motion to sequester witnesses, and motion in limine. For the reasons that follow, the motions to dismiss and for bill of particulars are denied, the motion to sequester is granted in part, and the motion in limine will be taken up at trial.

## BACKGROUND

On May 27, 2015, a grand jury returned an indictment against defendant and eighteen others charging this defendant with conspiracy to manufacture, distribute, dispense, and possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a) and 846. Defendant was arrested and brought before a United States Magistrate Judge for an initial appearance on June 8, 2015, and on June 11, 2015, was released on conditions after the government withdrew its motion for pretrial detention. Defendant's arraignment and trial was scheduled for the Court's August 3, 2015, term, Fox, J. presiding. The Court thereafter granted several continuances of the arraignment and trial in this matter on motions by defendant, his co-defendants, the government, and on its own motion. Each continuance provided that the ends of justice served by the continuance outweighed the interest of the defendants and the public in a

speedy trial. 18 U.S.C. § 3161(h). Further, as the co-defendants named in the indictment had not been severed for trial, the Court held that each continuance would continue the arraignment and trial of all defendants who had not yet entered guilty pleas. This case was reassigned to the undersigned on January 25, 2017.

On February 22, 2017, the grand jury returned a superseding indictment against defendant and seven others charging defendant with conspiracy to distribute and possess with intent to distribute cocaine and cocaine base. The Court, following a hearing on March 7, 2017, and a ruling on pretrial motions filed by defendant's co-defendants, continued defendant's and his co-defendants' trial to the July 2017 term. On May 11, 2017, the Court granted defendant's motion to sever, without opposition from the government, and scheduled this case for jury trial on June 12, 2017. Jury selection and trial remains scheduled for the Court's June 12, 2017, term.

On May 22, 2017, defendant moved to dismiss the charge against him under the Speedy Trial Act, 18 U.S.C. § 3161, and the Sixth Amendment. Defendant also moved for a bill of particulars pursuant to Federal Rule of Criminal Procedure 7(f). On June 5, 2017, defendant moved to sequester witnesses during trial and moved in limine to exclude hearsay testimony of co-defendants. The government has responded to the motions to dismiss and for a bill of particulars.

## DISCUSSION

The Speedy Trial Act requires that a defendant who has entered a plea of not guilty must be brought to trial within seventy days of his initial appearance or indictment, whichever is later. 18 U.S.C. § 3161(c)(1). If a defendant is not brought to trial within seventy days of his initial appearance or indictment, the indictment shall be dismissed. 18 U.S.C. § 3162(a)(2). "Under the plain language of section 3161(c)(1), unless a defendant has entered a plea of not guilty, the provisions of that section have not been triggered." *United States v. Tootle*, 65 F.3d 381, 383 (4th

2

Cir. 1995). Defendant has not yet entered a guilty plea in this case, and thus the provisions of the Speedy Trial Act which would mandate dismissal of the charge for failure to bring defendant to trial within seventy days of his initial appearance or indictment are inapplicable. Moreover, the Court properly applied continuances allowed on motions by defendant's co-defendants, and the exclusions of time based thereon, to defendant because the defendants were charged in the same indictment and had not, prior to May 2017, been severed. *United States v. Shealey*, 641 F.3d 627, 632 (4th Cir. 2011). No violation of the Speedy Trial Act has occurred and dismissal under 18 U.S.C. § 3162 is inappropriate.

A defendant's speedy trial rights under the Sixth Amendment of the United States Constitution are triggered by "arrest, indictment, or other official accusation." *Doggett v. United States*, 505 U.S. 647, 654 (1992). In determining whether a violation of speedy trial rights exists, a court must examine: (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) the extent of any prejudice to the defendant. *See Barker v. Wingo*, 407 U.S. 514, 530 (1972); *United States v. Thomas*, 55 F.3d 144, 148 (4th Cir. 1995). "Post accusation delay [is] presumptively prejudicial at least as it approaches one year." *Doggett*, 505 U.S. at 652 n.1. Courts generally apply the four-part inquiry under *Barker* when the post-accusation delay reaches the one year threshold. *United States v. Woolfolk*, 399 F.3d 590, 597 (4th Cir. 2005); *see also United States v. Hall*, 551 F.3d 257, 272 (4th Cir. 2009).

Here, defendant has been awaiting trial for approximately two years. Although this exceeds the one-year threshold, a two-year delay is not uncommonly long. *United States v. Hopkins*, 310 F.3d 145, 150 (4th Cir. 2002). The reasons for the delay include the number of co-defendants, defendant's own motions to continue, and his consent to co-defendants' motions to continue. As to the third factor, defendant has just filed his speedy trial motion, almost two years

3

after his arrest and three weeks prior to the commencement of trial. Finally, while the Court recognizes that defendant has experienced the stress of pending charges while awaiting trial, defendant has during this time been engaged in plea negotiations and has been on pretrial release and employed. Thus, the Court finds that defendant has not demonstrated that, on balance, the factors to be considered weigh in favor of a finding that his Sixth Amendment rights have been violated. *Thomas*, 55 F.3d at 148. Defendant's motion to dismiss for speedy trial violations is denied.

Defendant has also moved for a bill of particulars. A bill of particulars is a means by which a defendant can acquire information regarding the charges brought against him "in a vague or broadly worded indictment." *United States v. Dunnigan*, 944 F.2d 178, 181 (4th Cir. 1991) (citing *United States v. Debrow*, 346 U.S. 374, 378 (1953)), *rev'd on other grounds*, 507 U.S. 87 (1993). Its purpose is to "fairly apprise the defendant of the charges against him so that he may adequately prepare a defense and avoid surprise at trial." *United States v. Automated Med. Labs., Inc.*, 770 F.2d 399, 405 (4th Cir. 1985). A bill of particulars may not be used to disclose the details of the government's evidence before trial. *Id.*

Here, the superseding indictment contains the citation of the statute under which defendant is charged and the general timeframe, location, object, and nature of the conspiracy with which he is charged. Further, the government contends that it has provided to defendant voluminous discovery which provides details of the evidence supporting the charge. Where information has been provided to a defendant through sources such as discovery, a bill of particulars is not required. *United States v. Soc'y of Indep. Gasoline Marketers of Am.*, 624 F.2d 461, 466 (4th Cir. 1979); *see also United States v. Gangar*, No. CRIM. 3:07CR00010, 2007 WL 2903689, at *2 (W.D. Va. Oct. 1, 2007) (listing cases holding same). Because the superseding indictment sufficiently states the

4

charge against defendant and defendant has been provide with adequate discovery, the motion for bill of particulars is denied.

Rule 615 provides that, at the request of a party, a court shall order sequestration of prospective witnesses. Fed. R. Crim. P. 615. Defendant requests that the Court order that all witnesses for either the government or defense at trial be sequestered, that both the government's agent and defendant's investigator be permitted to remain in the courtroom during trial, and that the Court prohibit either the defense investigator or the government case agent from revealing any testimony to any person who will be a witnesses at the trial or hearing. Defendant's motion to sequester is granted in part; the government's agent shall be permitted to remain in the courtroom during trial and shall not be permitted to reveal testimony to any person who will be a witness at trial. All remaining witnesses, including the defense investigator, will be sequestered.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss [DE 823] and motion for bill of particulars [DE 824] are DENIED. Defendant's motion to sequester [DE 838] is GRANTED IN PART. Defendant's motion in limine [DE 841] will be addressed at trial.

SO ORDERED, this __7__ day of June, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE